**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **Saundra Jones, individually and on behalf of all others similarly situated**, | |
| **Plaint**iff, | **ClassAction Complaint** |
| V. | C.A. NO. _____ |
| **Moran Foods, LLC.,** | |
| **Defendant.** | |

Saundra Jones (hereafter also referred to as "Plaintiff") alleges, based upon personal knowledge related to herself, and upon information and belief, obtained in part from an investigation conducted by her attorneys, as to all other matters, as follows:

## INTRODUCTION

1. Plaintiff brings this putative class action lawsuit, on behalf of herself and a class of similarly situated Massachusetts individuals (hereafter also referred to as "Class"), against Moran Foods, LLC. (hereafter also referred to as "Defendant") who operate Save-A-Lot grocery stores.

2. Plaintiff seeks to remedy Defendant's deceptive labeling, marketing, and sale of its "TRULI VANILLA ALMONDMILK" (hereafter also referred to as "Product")

3. Defendant has misled Plaintiff and reasonable consumers to believe the Product contains "Vanilla" as the ingredient that provides for the Product's characterizing vanilla flavor.

4. In reality, the Product contains "natural flavors," as the ingredient that provides for the Product's characterizing vanilla flavor.

5.      Plaintiff seeks damages, injunctive relief, and a jury trial for Defendant's deceptive and misleading actions that have unjustly enriched the Defendant.

## PARTIES

6.      Plaintiff is currently, and has been throughout the Class Period, a resident of Dorchester, Massachusetts.  During the Class Period, Plaintiff purchased Defendant's Product on several occasions at the Save A Lot store located at 650 American Legion Highway, Roslindale, Massachusetts, based on the representation and reasonable belief that the Product contained vanilla as an ingredient.

7.      Defendant is a Delaware corporation with a principal place of business in Saint Ann, Missouri.

## JURISDICTION AND VENUE

8.      Jurisdiction of this Court is proper under 28 U.S.C. §1332(d)(2).  Diversity jurisdiction exists as Defendant is a Delaware corporation with a principal place of business in Missouri, and Plaintiff is a resident of Massachusetts. The amount in controversy exceeds $5,000,000 for Plaintiff and the Class, exclusive of interest and costs, reaped by Defendant from their transactions with Plaintiff and the Class, as a direct and proximate result of the wrongful conduct alleged herein, and by the injunctive and equitable relief sought.

9.      Jurisdiction is proper according to the Class Action Fairness Act of 2005 (hereafter also referred to as "CAFA").  28 U.S.C. § 1332(d)(2).

10.     Venue is proper within this judicial district under 28 U.S.C. § 1391 because a substantial portion of the underlying transactions and events complained of herein occurred in this judicial district.

## SUMMARY OF THE CASE

11. Plaintiff and the Class purchased Defendant's Product on the reasonable, but mistaken, belief that the Product contained vanilla as an ingredient.

12. The Product's front label prominently and conspicuously displays the word "vanilla" in a bold font.

13. The prominent and conspicuous display of the word "vanilla" on the Product's front label misleads reasonable consumer to believe that the Product contains "vanilla," as the Product's characterizing ingredient that delivers the Product's promised vanilla flavor.

14. Instead, the Product is flavored with "natural flavors" that provides for the Product's characterizing vanilla flavor.

15. Defendant deceives Plaintiff and the Class into believing that its Product contains vanilla as its characterizing ingredient.

16. Defendant's labeling its Product as if it contains "vanilla" as an ingredient, without reference to any wording that would inform reasonable consumers that the Product does not contain "vanilla" as an ingredient is deceptive, misleading, and unjust.

17. Defendant intends that consumers rely upon the Product's front label, and reasonable consumers, do in fact, rely on the Product's front label to honestly state the nature of its ingredients.

18. Defendant's deception flows from the fact that the Product does not disclose, on the Product's front label, that the Product is a vanilla-flavored product that does not contain vanilla as an ingredient.

19. Since the Product does not disclose that vanilla is a flavor and not an ingredient, the Product's labeling is not in compliance with federal food labeling laws and regulations and substantially identical state food labeling laws and regulations.

20. Substantially identical Federal and Massachusetts laws deem a food product "misbranded" if "its labeling is false or misleading in any particular." (See 21 U.S.C. § 343(a) and Massachusetts MGL ch. 94 § 187)

21. Any food product that is expected to contain its characterizing ingredient but does not, and instead is flavored, must disclose that fact to consumers on the Product's front label. Failure to do so misleads reasonable consumers into believing they are purchasing a food product with qualities it does not have and is in clear violation of the law.

22. Defendant's actions in its representations and omissions relating to "vanilla" as an ingredient are deceptive, misleading, and provide the basis for an unjust enrichment claim.

## PRODUCT LABEL

23. Exhibit "A" is an image of the Product's front label and a listing of the ingredients depicted on the label located on the Product's backside.

## FEDERAL AND STATE STATUTORY AND REGULATORY FOOD LABELING FRAMEWORK

**Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301** *et seq*.

24. The federal "Food, Drug, and Cosmetic Act," codified at 21 U.S.C. § 301 et. seq. (hereafter also referred to as "FDCA"), is a federal statute that comprehensively but not exclusively regulates the sale of food products to the public.

25. The FDCA deems food "misbranded" if its labeling is "false or misleading in any particular." (See 21 U.S.C. § 343(a)(1))

26. The FDCA defines the term "food" to include "articles used for food or drink for man." (See 21 U.S.C. §§ 321(f))

4

27. Almondmilk products are considered food according to the FDCA's definition of food.

28. One of the primary reasons for enacting the FDCA was to prevent misbranding of food product labeling.

29. The FDCA considers a food product misbranded if "any" representation is false or misleading. It prohibits any statement, design, or device that may deceive or mislead consumers who are misled by such actions.

### Federal Food and Drug Administration's Food Labeling Regulations

30. The FDCA gives the federal Food and Drug Administration (hereafter also known as "FDA") the responsibility to ensure that foods are correctly labeled. (See 21 U.S.C. § 393(b)(2)(A))

31. The FDA oversees food labeling in the United States through a detailed and comprehensive regulatory umbrella that includes the FDCA's federal statutes and the FDA's federal regulations.

32. Pursuant to the FDA's authority from the FDCA, the FDA has promulgated comprehensive regulations to implement the FDCA concerning food labeling requirements (hereafter also referred to as "FDA Regulations"). (See 21 C.F.R. § 101.1 *et seq.*)

33. 21 C.F.R. § 101 contains the federal regulations that apply to food labeling.

34. 21 C.F.R. § 101.22(i) contains the specific regulation that applies when a food label makes a representation about a "primary recognizable flavor(s), by word, vignette, e.g., the depiction of a fruit, or other means."

35. Massachusetts has expressly adopted the federal labeling requirements. Massachusetts food labeling laws require that all packaged food complies with all labeling requirements in federal food regulation, 21 C.F.R. § 101.22. (See 105 CMR 590.001; Massachusetts Food Code § 3-201.11 (Massachusetts requires this "to safeguard public health and provide to consumers food that is safe, unadulterated, and honestly presented."); and Massachusetts Food Code § 3-601.12("[f]ood shall be offered for human consumption in a way that does not mislead or misinform the consumer"))

36. The information panel on a food product, which is "that part of the label immediately contiguous and to the right of the principal display panel," 21 C.F.R. § 101.2(a), must include a "designation of ingredients" that consists of a listing of the food's ingredients "by common or usual name in descending order of predominance." 21 C.F.R. § 101.4(a)(1).

37. The FDCA prohibits the misbranding of any food. (See 21 U.S.C. §331(b)) Generally, a food is "misbranded" if, among other things, its labeling is false or misleading." (See 21 U.S.C. § 343) 21 C.F.R. §101.22 (i) specifically provides:

> (i) If the label, labeling, or advertising of a food makes any direct or indirect representations with respect to the primary recognizable flavor(s), by word, vignette, e.g., depiction of a fruit, or other means, or if for any other reason the manufacturer or distributor of a food wishes to designate the type of flavor in the food other than through the statement of ingredients, such flavor shall be considered the characterizing flavor and shall be declared in the following way:

> (1)(i) If the food is one that is commonly expected to contain a characterizing food ingredient, e.g., strawberries in "strawberry shortcake," and the food contains natural flavor derived from such ingredient and an amount of characterizing ingredient insufficient to independently characterize the food, or the food contains no such ingredient, the name of the characterizing flavor may be immediately preceded by the word "natural" and shall be immediately followed by the word "flavored" in letters not less than one-half the height of the letters in the name of the characterizing flavor, e.g., "natural strawberry flavored shortcake," or "strawberry flavored shortcake."

6

38.  The Product sold by Defendant is characterized as a "vanilla" almondmilk. It does not contain vanilla as an ingredient but rather is flavored with "natural flavors." Therefore, by law, Defendant must disclose that the Product is flavored on the Product's front label. Defendant has failed to make such a disclosure and therefore is not in compliance with the law.

### FEDERAL AND MASSACHUSETTS FOOD LABELING LAWS ARE IDENTICAL

39.  Plaintiff does not plead, and as a result of this disclaims, causes of action under the FDCA, and regulations promulgated thereunder by the FDA. Plaintiffs rely on the FDCA and FDA regulations only to the extent such laws and regulations have been separately enacted as state laws or regulations or provide a predicate basis of liability under state law.

40.  Massachusetts law provides that a food is considered misbranded if the food label is false or misleading in any particular, and further incorporates by reference the federal food labeling laws and regulations.

41.  Massachusetts Law mirrors the FDCA and the FDA Regulations. As a result, Massachusetts food labeling laws and regulations are substantively identical to the federal food labeling laws and regulations.

42.  Plaintiff is not alleging causes of action under the FDCA and FDA Regulations. Plaintiff relies on the FDCA and the FDA Regulations only to the extent that the FDCA and the FDA Regulations have been independently and separately enacted as state food labeling laws and regulations, and further provide a basis of liability under Massachusetts Law.

43.  Plaintiff is not suing because Defendant's conduct violates the FDCA and the FDA Regulations. Instead, Plaintiff is suing for Defendant's conduct that is not in compliance with the

FDCA and the FDA Regulations. Therefore, Defendant's conduct violates Massachusetts Law and provides the basis for Plaintiff's unjust enrichment claim.

44. Since federal and Massachusetts food labeling laws and regulations identically prohibit misbranded food products, federal food labeling laws, and regulations do not preempt Massachusetts food labeling laws and regulations.

## INGREDIENT VERSUS FLAVOR

45. Some oil, protein, essence, or other extraction of the vanilla bean may have been used to create the Product's natural flavor. However, that natural flavor does not consist of vanilla, as a reasonable consumer would understand. Instead, the scientists who created the Product's natural flavor would have isolated proteins from the vanilla bean's cells and tissue or extracted oils or essences from the vanilla bean. However, because those isolated compounds may not taste like vanilla, the scientist would have combined those extractions with any other extractions from other plants and animals to create a flavoring substance that tastes like vanilla. (See https://www.scientificamerican.com/article/what-is-the-difference-be-2002-07-29/ describing the process for creating natural flavors. (Last accessed January 28, 2021))

46. Properly indicating that the Product is flavored is not only a legal requirement, but it is a material term on which a reasonable consumer rely.

## COMPETITOR PRODUCTS

47. Exhibit "B" is an image of vanilla almondmilk distributed by Stop & Shop Supermarkets, that displays the wording "Almondmilk Vanilla Naturally Flavored With Other

8

Natural Flavors" on its front label and the words "Natural Vanilla Flavor With Other Natural Flavors" on its ingredient list.

48. This vanilla almondmilk is a product that, similar to the Defendant's Product, displays similar words "Natural Vanilla Flavor With Other Natural Flavors" on its ingredient list and, therefore, is flavored with natural flavors. However, unlike Defendant's Product, it indicates that it is "Vanilla Flavored with Other Natural Flavors" on its front label. Therefore, Stop & Shop's product is not misbranded.

## CLASS ACTION ALLEGATIONS

51. Plaintiff brings this action on behalf of herself and on behalf of all other individual Massachusetts consumers who purchased Defendant's Product. The Class Period is limited to the statute of limitations applicable to the cause of action. Plaintiff brings this class action lawsuit pursuant to Federal Rule of Civil Procedure 23(a), and 23(b)(1), 23(b)(2) and 23(b)(3). Excluded from the Class are Defendants and its employees, principals, affiliated entities, legal representatives, successors, and assigns.

52. Upon information and belief, thousands of Class members are geographically dispersed throughout Massachusetts. Therefore, individual joinder of all members of the Class would be impracticable.

53. Common questions of law or fact exist as to all members of the Class. These questions predominate over the questions affecting only individual class members. These common legal or factual questions include: (1) whether Defendant's labeling of its Product is likely to deceive class members; (2) whether Defendant's representations are unlawful; and (3) the appropriate measure of damages and restitution.

9

54. Plaintiff's claims are typical of the Class's claims in that Plaintiff was a consumer who purchased Defendant's Product in Massachusetts that was characterized by a specific ingredient yet did not contain that ingredient. Instead, it was flavored – a fact that was not disclosed on the Product's front label. Therefore, Plaintiff is no different in any relevant respect from any other Class member, and the relief sought is common to the Class.

55. Plaintiff is an adequate representative of the Class because her interests do not conflict with the Class members' interests she seeks to represent. She has retained counsel competent and experienced in conducting complex class action litigation. Plaintiff and her counsel will adequately protect the interests of the Class.

56. A class action is superior to other available means for this dispute's fair and efficient adjudication. The damages suffered by each individual Class member likely will be relatively small, especially given the relatively small cost of the food products at issue and the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's conduct. Thus, it would be virtually impossible for Class members individually to effectively redress the wrongs done to them.

57. Moreover, even if Class members could afford individual actions, it would still not be preferable to class-wide litigation. Individualized actions present the potential for inconsistent or contradictory judgments. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

58. In the alternative, the Class may be certified because Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate preliminary and final equitable relief for the Class.

## COUNT I
### (Unjust Enrichment)

59. Plaintiff alleges and incorporates by reference the allegations in all of this Complaint's preceding paragraphs as though fully set forth therein.

60. As a direct and proximate result of Defendant's misconduct as set forth above, Defendant has been unjustly enriched. Expressly, by its misconduct described herein, Defendant has accepted a benefit in the form of monies paid by Plaintiff and the Class. The defendant had an appreciation or knowledge of the benefit conferred on it by Plaintiff and the Class.

61. It would be inequitable for Defendant to retain the profits, benefits, compensation, consideration, and other monies obtained by and from its wrongful conduct in promoting, marketing, distributing, and selling the Product. On behalf of herself and all others similarly situated, Plaintiff seeks restitution from Defendant an order of this Court proportionally disgorging all profits, benefits, compensation, consideration, and other monies obtained by Defendant from its wrongful conduct.

**Jury Demand**

The Plaintiff request a trial by jury.

WHEREFORE, Plaintiff, on behalf of herself and the Class, prays for judgment as follows:

   a. Certification of the Class under Federal Rule of Civil Procedure 23 and appointment of Plaintiff as representative of the Class and her counsel as Class Counsel;
   b. Actual damages;

c. Restitution and disgorgement of Defendant's revenues or profits to Plaintiff and the members of the proposed Class as permitted by applicable law;

d. Statutory pre-judgment and post-judgment interest on any amounts;

e. Payment of reasonable attorneys' fees and recoverable litigation expenses as may be allowable under applicable law; and

f. Such other relief as the Court may deem just and proper.

Dated: February 8, 2021

/s/ John T. Longo
John T. Longo, Esq. MA BBO 632387
Law Office of John T. Longo
177 Huntington Avenue, 17th Fl, Suite 5
Boston, MA 02115
Tel: (617) 863-7550
jtlongo@jtlongolaw.com

Peter N. Wasylyk
Law Offices of Peter N. Wasylyk
(RI Bar No. 3351)
1307 Chalkstone Avenue
Providence, RI 02908
Tel: (401) 831-7730
Fax (401) 861-6064
Email: pnwlaw@aol.com
(Pending Pro Hac Vice Motion)